STATE OF NORTH CAROLINA v. MORRIS LORENZO EDMONDS

No. 737SC503

(Filed 25 July 1973)

1. Criminal Law § 144— modification of sentence at same session
   During a session of court a judgment is *in fieri* and the court has authority in its sound discretion, prior to expiration of the session, to modify, amend or set aside the judgment.

2. Criminal Law § 144— entry of second judgment for same crime at same session — failure to strike first judgment
   The trial court did not err in entering a second judgment imposing an active sentence without specifically vacating or striking a judgment entered earlier in the session imposing a suspended sen-

tence for the same crime since the court did not enter the second judgment to stand with the first judgment, thereby creating a conflict, nor did the court activate the suspended sentence; rather, the court, in its discretion, modified the first judgment.

APPEAL by defendant from *James, Judge,* 19 February 1973 Criminal Session of EDGECOMBE Superior Court.

Defendant was charged in a properly drawn warrant with the misdemeanor of willfully having and possessing a hypodermic needle and syringe for the purpose of administering a controlled substance in violation of G.S. 90-113.4. In district court defendant entered a plea of not guilty and from a verdict of guilty and judgment ordering that he be imprisoned for a term of 18 months, he appealed to superior court.

On 19 February 1973, in superior court, defendant pleaded guilty to the offense charged in the warrant. On the same date, judgment was signed and entered that defendant be imprisoned for a term of not less than 18 months nor more than two years, the prison sentence suspended upon defendant's compliance with certain specified conditions. Subsequently, on 21 February 1973, judgment was signed and entered that defendant be imprisoned for a term of not less than 12 months nor more than 18 months with credit given for 15 days spent in jail awaiting trial. From the latter judgment, defendant appealed.

*Attorney General Robert Morgan by Charles A. Lloyd, Assistant Attorney General, for the State.*

*Ezzell and Henson by Thomas W. Henson for defendant appellant.*

BRITT, Judge.

Defendant's only assignment of error is that the trial court erred in signing and entering the second judgment and commitment without specifically vacating or striking the prior judgment duly signed and entered at the same session (term). We hold that the court did not err.

[1] Defendant recognizes, and authorities support, the principle that during a session of the court a judgment is *in fieri* and the court has authority in its sound discretion, prior to expiration of the session, to modify, amend or set aside the judgment. 5 Strong's N. C. Index 2d, Judgments, § 6, pp. 14-15; *Wiggins v. Bunch,* 280 N.C. 106, 184 S.E. 2d 879 (1971);

---

---

*Chriscoe v. Chriscoe,* 268 N.C. 554, 151 S.E. 2d 33 (1966) ; *In re Moses,* 17 N.C. App. 104, 193 S.E. 2d 375 (1972).

[2]   While recognizing the principle stated, defendant contends the court may not enter two conflicting judgments. The record indicates that two days after the entry of a judgment imposing a prison sentence suspended upon compliance with certain conditions, but during the same session, the court entered the second judgment imposing an active sentence. By its latter action the court did not enter a second judgment to stand *with* the first judgment, thereby creating a conflict, nor did the court activate the suspended sentence; rather, the court, in its discretion, modified the first judgment. *State v. Godwin,* 210 N.C. 447, 187 S.E. 560 (1936).

The judgment appealed from is

Affirmed.

Judges MORRIS and PARKER concur.