STATE OF NORTH CAROLINA v. TOMMY EDWARD JONES, ALIAS
TOM BRYANT

No. 7512SC579

(Filed 3 December 1975)

1. **Criminal Law § 144— judgment — modification in session proper**

     During the session a judgment is *in fieri,* and the trial court has power prior to the expiration of the trial session to modify, amend or set aside the judgment; however, it is the general rule that the trial court loses jurisdiction to modify or amend a judgment after the adjournment of the trial session.

2. **Criminal Law § 144— court adjourned sine die — modification of judgment erroneous**

     The trial court's instruction to the bailiff to adjourn court *sine die* terminated the session, and the trial judge was without authority to modify the judgment he had already rendered which changed defendant's term of imprisonment from 20 to 30 years.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 28 March 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 22 October 1975.

Defendant was tried upon a bill of indictment charging him with the felony of murder and upon a bill of indictment charging him with felonious breaking or entering and felonious larceny. The jury returned a verdict of not guilty on the murder indictment, but found defendant guilty as charged of the felonious breaking or entering and of the felonious larceny. Judgment of imprisonment was entered on the two guilty verdicts.

*Attorney General Edmisten, by Associate Attorney David S. Crump, for the State.*

*Cherry & Grimes, by Sol G. Cherry, for the defendant.*

BROCK. Chief Judge.

The only question raised on this appeal pertains to the manner and time in which final judgment was entered. Although the evidence has no bearing upon this appeal, defense counsel has caused it to be included in the record on appeal, and the district attorney made no objection to its inclusion. The evidence takes up 114 pages of the printed record on appeal. This unnecessary printing cost of approximately $188.10 will have to be paid by the State because the defendant is indigent.

This type of irresponsible inclusion of unnecessary matter in the record on appeal is largely responsible for the provision in our new rules allowing such costs to be taxed personally against counsel. However, the provisions of the new rules are effective for cases in which notice of appeal is given on or after 1 July 1975. Notice of appeal in this case was given prior to that effective date.

We now turn to the only question presented by this appeal. After the jury returned its verdicts of guilty of felonious breaking or entering and guilty of felonious larceny, the trial judge, after a determination that defendant would not benefit from treatment and supervision as a committed youthful offender, dictated a judgment on 28 March 1975 providing for imprisonment for a term of ten years on the felonious breaking or entering conviction and a successive term of ten years on the felonious larceny conviction (a total of 20 years).

Defendant gave notice of appeal, and the trial judge appointed appellate counsel to perfect the appeal. This Court takes notice that 28 March 1975 was a Friday.

The agreed record on appeal next shows the following: "The presiding judge then instructed the bailiff to adjourn Court *sine die* which the bailiff then did. Thereafter, within approximately ten minutes the following occurred."

The trial judge dictated the following entry:

"Let the record show that in the presence of Mr. Sol Cherry, attorney for Tommy Edward Jones, alias Tom Bryant, and the District Attorney, that the Court has been informed that the defendant now has a case on appeal to the Court of Appeals of North Carolina, in which a term of imprisonment of ten years was imposed. The Court is going to commence the term of imprisonment, imposed as relates to the two counts, the ten years term of imprisonment in count one in the bill of indictment, 74-CR-39361, to commence at the expiration of this ten year term of imprisonment imposed in this case 74-CR-16797. The ten year term of imprisonment for felonious larceny, as charged in the bill of indictment is to commence at the expiration of the ten years imposed as to the first count in the bill of indictment 74-CR-39361, in which the defendant was convicted of felonious breaking and entering as charged in the bill of indictment.

EXCEPTION: This constitutes
DEFENDANT'S EXCEPTION NO. 7

"Now, the Court has also been informed that this offense occurred while the defendant was out on bond in Case Number 74-CR-16797. The Court is also aware of the fact that the defendant, upon being transferred to the North Carolina Department of Corrections for safekeeping in connection with these cases which have just been tried, attempted to escape, and at which time one of the co-defendants was killed and the defendant, Tommy Jones, was shot. And for that reason the Court sets the Appearance Bond at $50,000.00."

Thereafter a judgment was signed on 28 March 1975 by the trial judge providing that the ten-year sentence in the felonious breaking or entering conviction shall commence "at the expiration of the ten (10) year term of imprisonment imposed in 74-CR-16797 which is presently on appeal to the North Carolina Court of Appeals, if same is affirmed," and providing that the ten-year sentence for the felonious larceny conviction shall commence at the expiration of the sentence for the felonious breaking or entering (a total of 30 years).

[1] During the session a judgment is *in fieri*, and the trial court has power prior to the expiration of the trial session to modify, amend or set aside the judgment. *State v. Godwin*, 210 N.C. 447, 187 S.E. 560 (1936); 5 Strong, N. C. Index 2d, Judgments, § 6. However, it is the general rule that the trial court loses jurisdiction to modify or amend a judgment after the adjournment of the trial session. *State v. Duncan*, 222 N.C. 11, 21 S.E. 2d 822 (1942); 5 Strong, N. C. Index 2d, Judgments, § 6.

[2] This case will be resolved by a determination of when the trial session terminates or adjourns. Clearly a trial session terminates or adjourns by expiration of the time set for the session by the Chief Justice, unless properly extended by order. In other instances our cases hold that when the judge finally leaves the bench at any session of court, the session terminates or adjourns whether the time originally set for the session has expired or not. See *Green v. Insurance Co.*, 233 N.C. 321, 64 S.E. 2d 162 (1951); *State v. Duncan, supra; State v. McLeod*, 222 N.C. 142, 22 S.E. 2d 223 (1942); *State v. Godwin, supra; Dunn v. Taylor*, 187 N.C. 385, 121 S.E. 659 (1924); *Cogburn*

*v. Henson,* 179 N.C. 631, 103 S.E. 377 (1920); *May v. Insurance Co.,* 172 N.C. 795, 90 S.E. 890 (1916). In our opinion the orderly administration of justice requires that a trial session shall terminate or adjourn upon the announcement in open court that the court is adjourned *sine die,* as was done in this case. The term *sine die* means "without assigning a day for a further meeting or hearing. . . . a final adjournment." Black's Law Dictionary, 4th Ed.

The trial judge could have announced a recess to enable him to determine if the work of the session was complete, but this he did not do. He instructed the bailiff to announce adjournment *sine die.* In our opinion this announcement terminated the session, and the trial judge was without authority to materially modify or amend the judgment he had already rendered. Obviously the amendment or modification which changed the term of imprisonment from a total of 20 to a total of 30 years was a material amendment or modification.

The judgment appealed from is vacated, and this cause is remanded to the Superior Court, Cumberland County, for entry of judgment and commitment in accordance with the judgment announced by Judge Brewer before the adjournment *sine die.*

Vacated and remanded.

Judges HEDRICK and CLARK concur.