STATE OF NORTH CAROLINA v. GREGORY J. SAMMARTINO AND
TIMOTHY A. SAMMARTINO

No. COA95-294

(Filed 7 November 1995)

## 1. Criminal Law § 1681 (NCI4th)— judgment modified during term—no error

Because the original judgments and modified judgments in this case were entered during the week of court assigned to the trial court judge, and because there had been no adjournment *sine die*, the trial court had authority to modify the judgments increasing defendant's prison terms.

**Am Jur 2d, Criminal Law §§ 580, 581.**

**Power of state court, during same term, to increase severity of lawful sentence—modern status. 26 ALR4th 905.**

## 2. Criminal Law § 1172 (NCI4th)— grave desecration—aggravating factor—great monetary loss

The trial court did not err by finding as an aggravating factor for desecrating a gravesite that the offense involved damage causing great monetary loss in violation of N.C.G.S. § 14-149 where defendants stipulated that the damages to the monument amounted to $10,000, and the same evidence was not used to prove both an element of the offense and the aggravating factor because the statute requires a showing of damage of more than $1,000 but does not require an additional showing of great monetary loss.

**Am Jur 2d, Criminal Law §§ 598, 599.**

## 3. Criminal Law § 1102 (NCI4th)— grave desecration—nonstatutory aggravating factor—disrespect to law enforcement—sufficient evidence

The evidence supported the trial court's finding as a nonstatutory aggravating factor for desecrating a gravesite that defendants' conduct was intended to show disrespect to law enforcement in a manner calculated to be highly publicized where the statements of defendants showed that they destroyed a monument erected to the memory of slain police officers during the trial of the slayer of two police officers in an effort to make the news.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal by defendants from judgments entered 4 October 1994 by Judge Beverly T. Beal in Mecklenburg County Superior Court. Heard in the Court of Appeals 18 September 1995.

*Attorney General Michael F. Easley, by Associate Attorney General David L. Woodard, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Anne N. Hogewood, for defendant appellants.*

COZORT, Judge.

Defendants were charged with desecrating a grave site in violation of N.C. Gen. Stat. § 14-149 (1993). On 21 September 1994, defendants pled guilty to the charges. Sentencing was continued until 4 October 1994. At the sentencing hearing, the prosecutor recited a factual basis for the pleas and read a statement made by a codefendant, Jason Torres, to a police officer. Torres said that on 26 July 1994 he and defendants were at his house drinking beer when defendant Gregory J. Sammartino decided that they should walk to Sharon Memorial Park. After walking around the cemetery, defendant Timothy A. Sammartino asked the others whether they wanted to "make the news." The three of them stood looking at a monument erected to police officers slain in the line of duty. Defendants, who are martial arts experts, took stances as did Torres. In unison they did jump kicks at the monument and knocked it over. The prosecutor also stated that defendants eventually gave statements to the effect that they used karate kicks to knock over the monument.

Defendants stipulated that the amount of damage to the monument was $10,000.00. Counsel for Jason Torres stated that the damage to the monument was done during a trial for the slayer of two police officers. Counsel for defendant Timothy A. Sammartino argued that the statements of defendants showed they were not motivated by a desire to show disrespect for authority. Counsel for defendant Gregory J. Sammartino added that defendants' case was highly publicized and that he did not believe defendants' acts were intended to reflect a general lack of respect for the police.

At the conclusion of the hearing, Judge Beverly T. Beal found as to each defendant aggravating factors that the offenses "involved damage causing great monetary loss" and that the "conduct was

intended to show disrespect to law enforcement [in a] manner calculated to be highly publicized." Judge Beal found as mitigating factors that defendants did not have prior criminal convictions and that they were honorably discharged from the United States Armed Services. Judge Beal found that the aggravating factors outweighed the mitigating factors. He sentenced each defendant to the presumptive prison term of two years, suspended on conditions that included each serving an active jail term of sixty days.

On 6 October 1994, the State requested that the judgments be modified. Judge Beal indicated that he would not grant the State's motion. On his own motion, however, he modified the judgments and sentenced each defendant to four years in prison, suspended upon the same conditions. Defendants appeal.

[1] Defendants first argue the trial court was without authority to modify the judgments. They contend that, although the trial court could modify judgments during the same session of court, "the session of court ended with the completion of the cases on the docket for October 4." We disagree.

"[D]uring a session of the court a judgment is *in fieri* and the court has authority in its sound discretion, prior to expiration of the session, to modify, amend or set aside the judgment." *State v. Edmonds*, 19 N.C. App. 105, 106, 198 S.E.2d 27, 27 (1973) (holding that the trial court properly modified a judgment two days after its entry to include an active term of imprisonment rather than a suspended sentence); *see also State v. Quick*, 106 N.C. App. 548, 561, 418 S.E.2d 291, 299, *disc. review denied*, 332 N.C. 670, 424 S.E.2d 415 (1992) (holding that the trial court properly modified a sentence the day after its entry). A "session" has been defined as the time during which a court sits for business and refers to a typical one-week assignment of court. *See Capital Outdoor Advertising v. City of Raleigh*, 337 N.C. 150, 154 n.1-2, 446 S.E.2d 289, 291-92 n.1-2, *reh'g denied*, 337 N.C. 807, 449 S.E.2d 566 (1994). The point marking the expiration of a "session" has been further addressed by this Court:

Clearly a trial session terminates or adjourns by expiration of the time set for the session by the Chief Justice, unless properly extended by order. In other instances our cases hold that when the judge finally leaves the bench at any session of court, the session terminates or adjourns whether the time originally set for the session has expired or not. In our opinion the orderly administration of justice requires that a trial session shall terminate or

adjourn upon the announcement in open court that the court is adjourned *sine die* . . . .

*State v. Jones*, 27 N.C. App. 636, 638-39, 219 S.E.2d 793, 795 (1975) (citations omitted). *Sine die* means "without assigning a day for a further meeting or hearing." Black's Law Dictionary 1385 (6th ed. 1990). Because the original judgments and modified judgments in this case were entered during the week of court assigned to Judge Beal and because there had been no adjournment *sine die*, the trial court had authority to modify the judgments.

[2] Defendants also argue that there was no basis upon which the trial court could modify the judgments and impose sentences to prison terms in excess of the presumptive term. Specifically, they contend the trial court improperly found certain aggravating factors. We disagree.

The trial court found as one aggravating factor that the offense involved damage causing great monetary loss. Defendants contend evidence used to prove an element of the offense was also used to prove this aggravating factor, in violation of N.C. Gen. Stat. § 15A-1340.4(a) (1988). While desecrating grave sites in violation of N.C. Gen. Stat. § 14-149 requires a showing that damage of more than one thousand dollars resulted from the desecration, it does not require an additional showing of *great* monetary loss. Here, the damages were $10,000.00. Therefore, the same evidence was not used to prove both an element of the offense and the aggravating factor. *See State v. Thompson*, 309 N.C. 421, 422, 307 S.E.2d 156, 158 (1983) (stating that "the *additional* evidence necessary to prove a taking or attempted taking of property of *great* monetary value is not evidence necessary to prove an element of felonious larceny").

Defendants also contend no evidence was presented during the sentencing hearing to support the aggravating factor. Defendants stipulated during sentencing to damages in the amount of $10,000.00, a figure ten times that required to prove an element of the offense. Therefore, sufficient evidence was presented of damage causing great monetary loss, and the trial court did not err by finding the factor.

[3] The trial court also found as an aggravating factor that defendants' "conduct was intended to show disrespect to law enforcement [in a] manner calculated to be highly publicized." Defendants again contend the evidence needed to find the first portion of the factor is the same as evidence needed to prove an element of the offense—

disrespect for the dead. Assuming *arguendo* that disrespect for the dead is an element of the offense, the trial court found that defendants' conduct additionally was meant to show disrespect for *law enforcement* in general. Because evidence was necessary to prove this portion of the factor which was not necessary to prove an element of the offense, that portion of the factor is proper.

Defendants also contend the factor is not supported by evidence presented at the sentencing hearing. At the sentencing hearing in this case, the trial court asked the prosecutor to recite a factual basis for defendants' guilty pleas. The prosecutor read from a codefendant's statement that defendant Timothy A. Sammartino suggested destroying the monument to "make the news." He further stated that defendants eventually made statements similar to that of the codefendant. Defendants' attorneys did not rebut the factual basis recited by the prosecutor. Instead, counsel for defendant Timothy A. Sammartino attempted to use the statements of defendants to show that they were not motivated by a desire to show disrespect for authority. He argued that the destruction of the monument "was merely the actions of kids who were drinking," and that "it was stupidity, immaturity." Counsel for defendant Gregory J. Sammartino argued that defendants "were . . . young men doing a stupid thing," and stated that this "was a highly publicized case in the local media." From the comments of defendants' attorneys, we can infer that defendants consented to the prosecutor's recitation of the factual basis and the reading of the codefendant's statement. *See State v. Mullican*, 329 N.C. 683, 686, 406 S.E.2d 854, 855 (1991). Indeed, the comments of defendants' attorneys were entirely consistent with those of the prosecutor except for their argument that defendants did not intend any disrespect to law enforcement by their actions.

When a defendant pleads guilty, the trial court may rely upon the circumstances surrounding the offense, including factual allegations in the indictment, in determining whether aggravating factors exist. *State v. Flowe*, 107 N.C. App. 468, 472, 420 S.E.2d 475, 478, *disc. review denied*, 332 N.C. 669, 424 S.E.2d 412 (1992). The recitation of the factual basis and the statements of defendants show that defendants destroyed a monument erected to the memory of slain police officers during the trial of the slayer of two police officers in an effort to "make the news." We hold that there was sufficient evidence presented to support the nonstatutory aggravating factor that defendants' "conduct was intended to show disrespect to law enforcement [in a] manner calculated to be highly publicized."

Affirmed.

Chief Judge ARNOLD and Judge GREENE concur.