IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 23-1100

Filed 6 August 2024

Rowan County, Nos. 21 CRS 054262, 22 CRS 390

STATE OF NORTH CAROLINA

v.

HABIMANA LISIMBA MCLEAN

Appeal by Defendant from judgment entered 7 June 2023 by Judge Michael S. Adkins in Rowan County Superior Court. Heard in the Court of Appeals 30 April 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General Samuel R. Gray, for the State.*

*Irons & Irons, PA, by Ben G. Irons, II, for the Defendant.*

WOOD, Judge.

Habimana Lisimba McLean ("Defendant") appeals from a jury verdict finding him guilty of assault inflicting physical injury on an employee of a state detention facility. Defendant pleaded guilty to attaining habitual felon status and thereafter was sentenced to 42 to 63 months of imprisonment. On appeal, Defendant argues the jury should have been instructed on the lesser included offense of assault on an officer or employee of the State. For the reasons stated below, we conclude Defendant received a fair trial free from error.

## I.  Factual and Procedural Background

During the time relevant to this appeal, Defendant was incarcerated at Piedmont Correctional Center, and the officers at the Correctional Center are State employees.  On 1 March 2021, Defendant spoke with Officer Lynch about certain events that occurred over the prior weekend.  Defendant expressed his belief that he was treated unfairly because he did not receive his "personal hygiene stuff."  Officer Lynch told Defendant she would assist him after completing a count of the prisoners.  Officer Lynch then went to the control booth to report the count.  While there, Officer Lynch noticed on the surveillance cameras that Defendant had taken off his shirt, was pacing in a circle around his cell, and appeared to be visibly upset.

Officer Lynch felt that she had built a good relationship with Defendant, so she went to his cell to speak with him about what transpired over the weekend.  During their conversation, Defendant complained that he did not receive his hygiene items or his medication.  Officer Logan, who is also a correctional officer, then entered Defendant's cell to assist Officer Lynch.  As Officer Logan approached, Defendant stood up, stepped toward Officer Lynch, but then backed away.  Officer Logan told Defendant that she did not appreciate Defendant stepping towards Officer Lynch, to which Defendant stated, "I wouldn't dare hit [Officer Lynch], she's trying to help me."  He then stated that he was "done talking" and shut his door.  Following this encounter, Sergeant Lackey and Captain Harris were summoned to the cell block and briefed about Defendant's situation by Officer Lynch.  Officer Lynch recommended

that Sergeant Lackey speak with Defendant alone to try to calm him down.

Sergeant Lackey went to Defendant's cell and asked him to come out, but Defendant refused. He asked again and Defendant exited. Defendant walked down the hall with Sergeant Lackey following behind him. As they were walking to a more private area to speak, Defendant turned around and struck Sergeant Lackey in the face above his left eye with his fist. Sergeant Lackey and Defendant then tussled back and forth as Sergeant Lackey attempted to restrain Defendant onto a picnic table. Officer Logan witnessed the incident and stepped in to pepper spray Defendant. Sergeant Lackey was also sprayed during the incident. After subduing and handcuffing Defendant, Sergeant Lackey left to wash off the pepper spray. During the altercation, Sergeant Lackey sustained bruising and swelling on his forehead and scrapes and bruises on his arm. Officer Lynch testified that Sergeant Lackey's face appeared red immediately following the incident and that he had a "knot" on his head the following day. At trial, video footage from the prison cameras was shown to the jury. The video footage confirmed that Defendant instigated the altercation by hitting Sergeant Lackey in the face. Sergeant Lackey testified that he was hit multiple times in the face, around six to ten times, and was also struck in the body.

Defendant was indicted for assault inflicting physical injury on an employee of a state detention facility and attaining habitual felon status on 13 June 2022. At the charge conference, Defense counsel requested a jury instruction on a lesser included

offense on the assault charge, which excluded the infliction of physical injury element. The trial court denied the request. On 7 June 2023, the jury found Defendant guilty of assault on an employee of a state detention facility inflicting physical injury. Defendant ultimately pleaded guilty to attaining habitual felon status. The trial court sentenced Defendant to an active term of 42 to 63 months of imprisonment. The following day, Defendant gave oral notice of appeal in open court.

## II.    Discussion

### A. Appellate Jurisdiction

Pursuant to Rule 4 of the North Carolina Rules of Appellate Procedure, a party seeking to appeal a superior court or district court judgment or order in a criminal action is required to either (1) provide oral notice of appeal at trial, or (2) file a written notice of appeal within fourteen days following the entry of judgment. N.C. R. App. P. 4(a). "The Rule permits oral notice of appeal, but *only if given at the time of trial.*" *State v. Oates*, 366 N.C. 264, 268, 732 S.E.2d 571, 574 (2012) (citation omitted) (emphasis added).

Concurrent with his appeal, Defendant has filed a petition for writ of *certiorari* seeking to preserve his appeal should this Court hold Defendant has lost his right to appeal due to a "failure to take timely action" if the Court finds notice of appeal was not given *at trial*. N.C. R. App. P. 21(a)(1). Defendant's trial concluded on 7 June 2023, and he gave oral notice of appeal, through counsel, on the morning of 8 June 2023 during the same session of court and before the same judge who entered the

- 4 -

judgments. Neither Defendant nor his counsel filed a written notice of appeal.

The relevancy and unsettledness as to what constitutes "*at the time of trial,*" is clearly demonstrated by the numerous petitions for writ of *certiorari* filed in this Court "out of an abundance of caution" in case this Court deems an appeal untimely for "failure to take timely action" by not giving oral notice of appeal "at trial" in the minutes following sentencing. N.C. R. App. P. 21(a)(1). For example, in *Holanek*, this Court granted certiorari when oral notice of appeal was given six days after the conclusion of trial, in open court, and before the same judge that presided over the trial. *State v. Holanek*, 242 N.C. App. 633, 640, 776 S.E.2d 225, 231-32 (2015). In *Smith*, this Court granted certiorari where the trial concluded at 12:30 p.m. and oral notice of appeal was given at 3:25 p.m. that same day. *State v. Smith*, 267 N.C. App. 364, 366-67, 832 S.E.2d 921, 924-25 (2019). These few cases, of the many before this Court, illustrate this Court's rationale for granting certiorari, despite an "untimely" notice, was because "petitioners demonstrated good faith efforts in making a timely appeal and because the appeal had merit." *State v. Myrick*, 277 N.C. App. 112, 114, 857 S.E.2d 545, 547 (2021) (cleaned up). Accordingly, we are compelled to interpret what is considered a notice of appeal *at trial*.

To analyze this question, it is necessary to expound the parameters between "the span of a trial" and "a session of the court." In *Sammartino*, this Court analyzed an argument set forth by the defendants, that the trial court was without the authority to modify the judgments two days after a sentencing hearing. *State v.*

*Sammartino*, 120 N.C. App. 597, 599, 463 S.E.2d 307, 309 (1995). In that case, the defendants conceded the trial court could modify the judgments *during the same session of court* but argued that the session ended "with the completion of the cases on the docket" on the day of the sentencing hearing. *Id.* There, this Court explained, "[D]uring a session of the court a judgment is *in fieri* and the court has authority in its sound discretion, prior to expiration of the session, to modify, amend or set aside the judgment." *Id.* (citations omitted). *In fieri* denotes a legal proceeding that "is pending or in the course of being completed." *In fieri*, Black's Law Dictionary (11th ed. 2019). Further, the term "session" denotes "the time during which a court sits for business and refers to a typical one-week assignment of court." *Sammartino,* 120 N.C. App. at 599, 463 S.E.2d at 309 (citation omitted). The Court in *Sammartino* held that because the judgments were entered during the week of court assigned to the judge, the trial court properly modified its prior judgments entered earlier that week. *Id.* at 600, 463 S.E.2d at 309.

Similarly, in *Edmonds*, the trial court entered a judgment against the defendant imposing a suspended prison sentence; however, two days later, it modified the judgment to include an active term instead. *State v. Edmonds*, 19 N.C. App. 105, 107, 198 S.E.2d 27 (1973). In that case, this Court held that the trial court acted within its discretion when it modified the first judgment and explained that the modification was proper because it was "during the same session." *Id.* at 107, 198 S.E.2d at 27-28. This Court, too, found no error in a trial court's ruling when it

resentenced the defendant the day after his initial sentencing, thereby modifying the first judgment. *State v. Quick*, 106 N.C. App. 548, 561, 418 S.E.2d 291, 299 (1992). In *Quick*, this Court reasoned, "[u]ntil the expiration of the term, the orders and judgment of a court are *in fieri,* and the judge has the discretion to make modifications in them as he may deem to be appropriate for the administration of justice." *Id.* (citation omitted); *see also State v. Dorton*, 182 N.C. App. 34, 42, 641 S.E.2d 357, 362 (2007) ("It is uncontested . . . that both [of] defendant's . . . resentencing hearings occurred during the same term of criminal court. The trial court did not, therefore, err by modifying its resentencing judgment during that session."). In *In re Tuttle*, this Court held the trial court did not err when it made an additional, material finding following the entry of a judgment and the defendant's notice of appeal, holding, "[t]he term of court had not expired, the judgment remained *in fieri* despite the notice of appeal.*" In re Tuttle*, 36 N.C. App. 222, 225, 243 S.E.2d 434, 436 (1978).

To the contrary, "[a] trial court loses jurisdiction to modify or amend a judgment after the adjournment of the trial session." *State v. Jones*, 27 N.C. App. 636, 638, 219 S.E.2d 793, 795 (1975) (citations omitted). "[A] trial session shall terminate or adjourn upon the announcement in open court that the court is adjourned *sine die*" meaning, "without assigning a day for a further meeting or hearing." *Id.* at 639, 219 S.E.2d at 795 (citation omitted). Accordingly, since a trial court has the authority to modify, amend, or set aside a judgment during a *session* of court, when a judgment is *in fieri*, the *time of trial* should also logically extend to the end of the respective

session, or when court adjourns *sine die.*

We hold Defendant entered a timely oral notice of appeal because Defendant, through counsel, provided notice of appeal in open court while the judgment was *in fieri* and the trial court possessed the authority to modify, amend, or set aside judgments entered during that session. Defendant gave notice of appeal the following morning, before the same judge, and during the same *session* of court, prior to the trial court adjourning *sine die.* Thus, the period of time for Defendant to provide timely notice of appeal *at trial* commenced following sentencing and ended when the court session adjourned *sine die. Sammartino*, 120 N.C. App. at 599-600, 463 S.E.2d at 309. Therefore, we conclude Defendant's oral notice of appeal was timely, not defective, and we have jurisdiction to hear the merits of his appeal. As a result, Defendant's petition for writ of *certiorari* is unnecessary and dismissed as moot.

**B. Jury Instruction**

On appeal, Defendant argues the trial court erred in failing to give his requested jury instruction on the lesser included offense of assault on an officer or employee of the State. We disagree.

"Whether evidence is sufficient to warrant an instruction is a question of law." *State v. Palmer*, 273 N.C. App. 169, 171, 847 S.E.2d 449, 451 (2020) (citation omitted). "[W]here the request for a specific instruction raises a question of law, the trial court's decisions regarding jury instructions are reviewed *de novo* by this Court." *State v. Edwards*, 239 N.C. App. 391, 393, 768 S.E.2d 619, 621 (2015) (cleaned up). "Failure

to give a requested and appropriate jury instruction is reversible error if the requesting party is prejudiced as a result of the omission." *State v. Guerrero*, 279 N.C. App. 236, 241, 864 S.E.2d 793, 798 (2021) (citation omitted).  During the charge conference, Defendant requested the instruction be given, and thus, properly preserved the issue for review on appeal. N.C. R. App. P. 10(a)(2).

To determine whether an instruction on a lesser included offense is appropriate, "[t]he test is whether there is the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense." *State v. Millsaps*, 356 N.C. 556, 562, 572 S.E.2d 767, 772 (2002) (cleaned up).  "Where the State's evidence is positive as to each element of the offense charged and there is no contradictory evidence relating to any element, no instruction on a lesser included offense is required." *Id.* (cleaned up).  Our Supreme Court has cautioned trial courts from "indiscriminately or automatically instructing on lesser included offenses." *State v. Taylor*, 362 N.C. 514, 530, 669 S.E.2d 239, 256 (2008) (cleaned up).  "Such restraint ensures that the jury's discretion is channeled so that it may convict a defendant of only those crimes fairly supported by the evidence." *Id.* (cleaned up).

Here, Defendant was found guilty of assault inflicting physical injury on an employee of a state detention facility pursuant to N.C. Gen. Stat. § 14-34.7.  Under this offense, the elements are: (1) an assault; (2) on a person who is employed at a detention facility operated under the jurisdiction of the State or a local government;

(3) while the employee is in the performance of the employee's duties; (4) inflicts physical injury on the employee. N.C. Gen. Stat. § 14-34.7(c)(2). "For purposes of this subsection, 'physical injury' includes cuts, scrapes, bruises, or other physical injury which does not constitute serious injury." N.C. Gen. Stat. § 14-34.7(c). Whereas, under the requested instruction on the lesser included offense of assault on an officer or employee of the State, the elements are: (1) an assault; (2) on an officer or employee of the State; (3) when the officer or employee is discharging or attempting to discharge his official duties. N.C. Gen. Stat. § 14-33(c)(4).

When distinguishing between these offenses, Defendant argues an instruction on the lesser included offense would have been appropriate because the "physical injury" element was disputed and should have been decided by the jury. In support, Defendant offers the testimony of Officer Logan and Officer Lynch, attesting that they saw Defendant hit Sergeant Lackey only once. Further, Defendant contends the video of the incident confirms their testimony. He concedes that a hit to the face *can* cause physical injury; however, Defendant urges this Court to conclude that the question of whether Sergeant Lackey had been *actually* physically injured by Defendant should have been left to the jury.

At trial, it was established unequivocally that Defendant struck Sergeant Lackey in the face at least once. Sergeant Lackey further testified that he had bruising and swelling on his face and scrapes and bruises on his arm following his altercation with Defendant. Officer Lynch testified to seeing a knot on his forehead

the next day. Further, the State introduced three exhibits of photographs depicting Sergeant Lackey's injuries.

On appeal, Defendant does not dispute this evidence. Instead, Defendant disputes the number of times Sergeant Lackey was hit and whether the evidence supported the severity of the injury. Given that "physical injury" includes "cuts, scrapes, bruises, or other physical injury which does not constitute serious injury," we are unpersuaded by Defendants argument. N.C. Gen. Stat. § 14-34.7(c). The "physical injury" element was sufficiently satisfied when Defendant struck Sergeant Lackey in the face, despite the number of times or the severity of the injuries sustained. Moreover, Defendant presented no conflicting evidence with respect to this evidence. Therefore, we hold that the State presented sufficient evidence of every element of the offense of assault inflicting physical injury on an employee of a state detention facility, and that the trial court did not err in omitting the lesser included offense in the jury instructions.

## III. Conclusion

The evidence presented at trial was sufficient as to each element of the crime charged, assault inflicting physical injury on an employee of a state detention facility, and there was no conflicting evidence as to any of the elements. Thus, the trial court did not err by omitting the lesser included offense in the jury instructions. We hold Defendant received a fair trial free from error.

NO ERROR.

Judges STROUD and COLLINS concur.