## STATE v. WOOTEN

[104 N.C. App. 125 (1991)]

STATE OF NORTH CAROLINA v. WILLIE WOOTEN

No. 903SC953

(Filed 17 September 1991)

**1. Criminal Law § 86.5 (NCI3d)— cross-examination of defendant—possession of bags with cocaine residue—admissibility for impeachment**

Where defendant testified in a prosecution for narcotics offenses that he had never possessed any cocaine, the district attorney could properly impeach defendant by asking him about plastic bags containing cocaine residue found in defendant's vehicle at the time of his arrest.

**Am Jur 2d, Witnesses §§ 524, 527, 536.**

**2. Narcotics § 3.1 (NCI3d)— possession of large amount of money—cross-examination of defendant—no prejudicial error**

Assuming arguendo that the trial court in a prosecution for narcotics offenses erred in permitting the district attorney to question defendant about his possession of over a thousand dollars at the time of his arrest, this error was not prejudicial where defendant was permitted during cross-examination to explain his possession of the money.

**Am Jur 2d, Witnesses §§ 524, 536.**

**3. Narcotics § 5 (NCI3d)— sale and delivery of cocaine—single transaction—separate sentences improper** .

Defendant could not be convicted and sentenced under N.C.G.S. § 90-95(a)(1) for both the sale and the delivery of a controlled substance arising from one transaction.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 41; Indictments and Informations § 223.**

**4. Criminal Law § 1183 (NCI4th)— prior DUI conviction—aggravating factor—proof by defendant's admission—punishable by more than sixty days' imprisonment**

The trial court could properly consider defendant's prior conviction for driving under the influence as an aggravating factor on the basis of defendant's admission during cross-examination that he had been convicted of this offense. Furthermore, this offense was punishable by more than 60 days'

imprisonment within the meaning of N.C.G.S. § 15A-1340.4(a)(1)o where the statute provided for punishment of "no less than 30 days nor more than six months" at the time of defendant's conviction.

**Am Jur 2d, Criminal Law § 599; Habitual Criminals and Subsequent Offenders §§ 15, 15.5.**

APPEAL by defendant from judgments entered 5 April 1990 by *Judge Henry W. Hight, Jr.* in PITT County Superior Court. Heard in the Court of Appeals 20 August 1991.

Defendant was indicted and convicted of the felonies of possession of cocaine with intent to sell, selling cocaine and delivering cocaine. He was sentenced to 10 years for the sale of cocaine, 10 years for the delivery of cocaine, and 10 years (suspended) for possession with intent to sell.

On the night of 6 April 1989 Detective Murphy, a drug agent with the Greene County Sheriff's Department, was operating as an undercover agent in a drug interdiction campaign in Pitt County. He was assisted by Deputy Sheriff Hill, who was the surveillance officer. At approximately 9:50 p.m. Detective Murphy drove his vehicle into the Bellvoir Estates Mobile Home Park in anticipation of making a cocaine purchase from a suspected cocaine dealer. Detective Murphy approached a group of three men, which included his confidential informant, the defendant and Mr. Johnson. Detective Murphy purchased cocaine from Mr. Johnson. Because Mr. Johnson did not have correct change, the defendant gave Detective Murphy $5.00, the change he was due. Detective Murphy returned to his vehicle where he began talking to his confidential informant. The defendant then called the confidential informant back over to him and criticized Mr. Johnson's deal. The defendant claimed that Mr. Johnson's cocaine had a lot of "shake in it," baking soda, and that it "wouldn't get you high." Detective Murphy then walked over to the two men and the defendant offered to sell Detective Murphy cocaine for $20.00. The defendant stated that his drugs "might be smaller, but they're more powerful." Detective Murphy purchased a small white rock in a plastic bag from the defendant for $20.00. The white rock was later identified as crack cocaine.

On 9 December 1989 Deputy Hill arrested the defendant. Deputy Hill had received a tip that a vehicle matching the description of the one known to belong to the defendant would be used in

STATE v. WOOTEN

[104 N.C. App. 125 (1991)]

delivering cocaine to Bellvoir Estates around 3:00 p.m. Deputy Hill placed the defendant's car under surveillance and later stopped the defendant as he was preparing to drive into Bellvoir Estates. In a search of the defendant's car incident to arrest Deputy Hill discovered seven plastic bags, each containing cocaine residue and $1,109.25 in cash. At trial the prosecutor inquired into the defendant's possession of the cocaine and money found upon his arrest.

Defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Edwin B. Hatch, for the State.*

*Willis A. Talton for defendant-appellant.*

EAGLES, Judge.

I

[1]  Defendant first contends that the trial court erred in allowing the prosecution to inquire about the seven plastic bags containing cocaine residue and the $1,109.25 found in the defendant's possession when he was arrested. This contention is without merit.

At trial the defendant testified in his own behalf. During cross-examination by the district attorney the defendant testified as follows:

Q: Mr. Wooten, have you ever sold any cocaine, sir?

A: Have I ever sold any?

Q: Yes.

A: No. I haven't.

Q: Do you ever use any cocaine?

A: I don't even drink no liquor no more.

Q: Ever possessed any cocaine?

A: No, sir.

Upon further questioning the following exchange took place.

Q: And, at the time you were stopped, you were almost directly in front of Bellvoir Estates, weren't you?

A: I was—I was almost to the store.

Q: Had you got to Bellvoir Estates yet?

A: When I was arrested?

Q: Uh-huh?

A: That's where they arrested me; at the store.

Q: At Bellvoir Estates?

A: Uh-Huh. No; at convenience store. That's where they arrested me at.

*  *  *

Q: And, in your car, Mr. Wooten, you had several bags—

TALTON: Objection.

Q: —cocaine residue?

COURT: Overruled.

A: I told you those bags—this guy, I picked him up that morning. He left that pouch in my car. . . .

This was proper impeachment.

> [I]t is well settled in this jurisdiction that when a defendant becomes a witness and testifies in his own behalf, he is subject to cross-examination like any other witness, G.S. § 8-54 (1981), and, for purposes of impeachment, he may be cross-examined by the district attorney concerning any specific acts of misconduct which tend to impeach his character.

*State v. Galloway*, 304 N.C. 485, 497, 284 S.E.2d 509, 517 (1981) (citing *State v. Herbin*, 298 N.C. 441, 259 S.E.2d 263 (1979) and *State v. Purcell*, 296 N.C. 728, 252 S.E.2d 772 (1979)). Further, " '[a]ny act of the witness which tends to impeach his character may be inquired about or proven by cross-examination.' " *State v. Poole*, 289 N.C. 47, 52, 220 S.E.2d 320, 324 (1975) (citing *State v. Sims*, 213 N.C. 590, 197 S.E. 176 (1938)).

Here, the defendant first testified that he had never possessed any cocaine. It was then proper impeachment for the district attorney to ask the defendant about the bags containing cocaine residue found in the defendant's possession when he was arrested.

Defendant argues the testimony is not admissible under Rule 404(b) and relies on *State v. Brady*, 238 N.C. 404, 78 S.E.2d 126

(1953), and *State v. Emery*, 91 N.C. App. 24, 370 S.E.2d 456 (1988). Regardless of whether this testimony would otherwise be allowable under Rule 404(b), in this circumstance it is proper impeachment testimony and is therefore admissible.

**[2]** Defendant also contends that it was error to permit the State to question the defendant as follows:

Q: And, you on that day had in your pocket over a thousand dollars in cash money —

TALTON: Objection.

Q: — didn't you?

TALTON: Objection.

COURT: Overruled.

Q: Is that correct, sir?

A: Yes, sir.

Assuming *arguendo* that the trial court committed error by allowing this testimony, it was not prejudicial error. The defendant was given ample opportunity to explain his possession of the money, and in fact did so during cross-examination. The defendant testified:

Q: Where did that money come from?

A: I told you. I got it, I saved it on the job. I had got paid, and I was taking that money to go Christmas shopping and send my kids some money up north.

Defendant's first assignment of error is overruled.

II

**[3]** Defendant next contends that the trial court committed error by imposing consecutive sentences for the possession of cocaine with intent to sell or deliver, sale of cocaine and delivery of cocaine because the charges arose from a single transaction. We agree.

The Supreme Court has squarely addressed this issue in *State v. Moore*, 327 N.C. 378, 395 S.E.2d 124 (1990). In *Moore*, two bills of indictment charged the defendant with possession of a controlled substance with intent to sell or deliver, sale of a controlled substance, and delivery of a controlled substance. *Id.* at 380, 395 S.E.2d at 125. The defendant was found guilty of possession of a controlled

substance (a lesser included offense) and possession with intent to sell; two counts of sale of a controlled substance, and two counts of delivery of a controlled substance. *Id.* As in the instant case each indictment stemmed from a single transaction, and the trial court imposed consecutive sentences for both the sale and delivery of the controlled substance. *Id.* In remanding for re-sentencing the court stated:

> "A defendant may be indicted and tried under N.C.G.S. § 90-95(a)(1) in such instances for the transfer of a controlled substance, whether it be by selling the substance, or by delivering the substance, or both. We conclude that a defendant may not, however, be convicted under N.C.G.S. § 90-95(a)(1) of both the sale *and* delivery of a controlled substance arising from a single transfer. Whether the defendant is tried for transfer by sale, by delivery, or by both, the jury in such cases should determine whether the defendant is guilty or not guilty of transferring a controlled substance to another person."

*Id.* at 382-383, 395 S.E.2d at 127.

Accordingly, we vacate the defendant's sentences for sale and delivery and remand for entry of judgment and re-sentencing for transferring a controlled substance.

III

[4] Finally, the defendant assigns as error the length of the sentences ordered by the trial court on the basis that they inappropriately exceed the presumptive sentences set by the North Carolina Fair Sentencing Act. We disagree.

The defendant claims the trial court erred in considering the defendant's previous conviction for driving under the influence as an aggravating factor because the State failed to prove the conviction in accordance with G.S. 15A-1340.4(e) which provides:

> A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction . . . .

*Id.*

This argument is wholly without merit. The Supreme Court addressed this issue in *State v. Graham*, 309 N.C. 587, 308 S.E.2d 311 (1983). There the court stated:

STATE v. WOOTEN

[104 N.C. App. 125 (1991)]

We disagree that these are the exclusive methods by which prior convictions may be shown. As we emphasized in *State v. Thompson*, [309] N.C. [421], 307 S.E.2d 156 (1983), this Court and the Court of Appeals have repeatedly held that the enumerated methods of proof of N.C. Gen. Stat. § 15A-1340.4(e) are permissive rather than mandatory. [Citations omitted.] . . . Clearly the conviction could have been proven by . . . defendant's admission.

*Id.* at 593, 308 S.E.2d at 316. Here, the defendant testified on cross-examination as follows:

Q: Ah, Mr. Wooten, that picture was taken when you were arrested for driving while impaired. Is that right?

A: I think so.

Q: Back in the early '80's wasn't it?

A: Yes, sir.

\* \* \*

Q: You don't remember going down to the jail on September 11, 1982 and having a picture taken?

A: Well, I know I got a DUI, and I remember I took a picture.

The defendant also claims the conviction does not meet the statutory requirements because the statute provided for punishment of "no less than 30 days nor more than six months" at the time of his conviction. This argument also fails. G.S. § 15A-1340.4(a)(1)o only requires that the "criminal offenses [be] punishable by more than 60 days' confinement."

Finally the defendant contends that the application of maximum sentences for each of the crimes is "grossly unjust." "The 'weight to be given mitigating and aggravating factors is a matter solely within the trial court's discretion.' *State v. Penly*, 318 N.C. 30, 52, 347 S.E.2d 783, 796 (1986). The defendant has shown no abuse of discretion in the present case, and his assignment of error is overruled." *State v. Swann*, 322 N.C. 666, 675, 370 S.E.2d 533, 538 (1988).

Remanded for re-sentencing.

Judges JOHNSON and PARKER concur.