STATE OF NORTH CAROLINA v. MICHAEL EDWARD STONE AKA ROY EUGENE TEDDER

No. 905SC1296

(Filed 5 November 1991)

**1. Homicide § 28.1 (NCI3d) — self-defense — instruction not required**

The trial court did not err in failing to instruct the jury on self-defense in a second degree murder prosecution where

STATE v. STONE

[104 N.C. App. 448 (1991)]

all the evidence tended to show that defendant voluntarily joined the original fight in a bar and continued to fight outside the bar; defendant introduced a knife into the fight and was heard by several witnesses to say he had stabbed the victim in the heart; defendant prevented the victim from reentering the bar during the fight and hit the victim with a barstool as he lay bleeding on the floor; and there was thus no evidence that defendant was not at fault or that he reasonably believed it to be necessary to kill the victim in order to protect himself from death or great bodily harm.

**Am Jur 2d, Homicide §§ 519, 520.**

**Duty of trial court to instruct on self-defense, in absence of request by accused. 56 ALR2d 1170.**

2. **Criminal Law § 1182 (NCI4th)— aggravating factor—prior convictions—fingerprint record—identity of defendant— certified records of convictions**

An FBI fingerprint record bearing the name Roy Eugene Tedder was properly admitted during the sentencing phase of this second degree murder trial for the purpose of showing that defendant's true identity was not the name he was using but was Roy Eugene Tedder even though it did not meet the criteria of N.C.G.S. § 15A-1340.4(e) for proving prior convictions. Furthermore, the evidence supported the trial court's finding of prior convictions as an aggravating factor where the State established defendant's true identity as Roy Eugene Tedder by expert testimony that defendant's fingerprints matched fingerprints on the record for Roy Eugene Tedder and an officer's testimony that defendant's parents had informed her that defendant's true identity was Roy Eugene Tedder, and the State introduced several certified court records from Delaware showing convictions of Roy Eugene Tedder for crimes punishable by more than sixty days.

**Am Jur 2d, Evidence § 333; Habitual Criminals and Subsequent Offenders §§ 25-27.**

**Evidence of identity for purposes of statute as to enhanced punishment in case of prior conviction. 11 ALR2d 870.**

APPEAL by defendant from judgment entered 26 June 1990 in NEW HANOVER County Superior Court by *Judge James R. Strickland.* Heard in the Court of Appeals 24 September 1991.

Defendant was indicted for second-degree murder in violation of N.C. Gen. Stat. § 14-17 for the murder of William (Bill) Ernst. The State's evidence at trial tended to show the following facts and circumstances. On the evening of 4 August 1989, defendant, the victim, Bill Ernst, and three other men, Ahern, Caison and Dildy, entered the Cargo Bay Restaurant and Bar in Wilmington, North Carolina. Once inside, the men began playing pool and drinking beer. Around midnight, Ahern and Caison began to argue over a pool game and then began to fight. The victim was seen trying to break up this fight. He was hit by one of the men and began to fight back. At this point, defendant and Dildy joined in the original fight. The bar owner, Surinder Grewal, told them to carry the fight outside or he would call the police.

The fight continued outside of the bar in the parking lot. The victim, defendant and Caison were seen fighting together against a fence. While fighting against the fence, Caison was cut in the back with a knife. Caison testified that at the time he was cut, he heard the victim say, "Mike (Stone), don't do that. Don't do it." Grewal stated he later observed the defendant and Dildy fighting with the victim in front of the door to the bar. The victim was trying to get back in the bar but defendant prevented him by pushing him into the door or pushing the door shut.

The victim reentered the bar holding his stomach with one hand and holding a bloodied knife in the other. He collapsed on the floor of the bar. The victim was hit with a belt and a pool cue while lying on the floor. Barbara Grewal, the bar owner's wife, testified defendant hit the victim with a barstool while the victim was still on the floor. She asked the victim if she could help and he stated he thought he was going to die. Several witnesses testified they heard defendant say he had stabbed the victim in the heart. Barbara Grewal testified she heard defendant tell the other men to hurry up and leave because he had "stabbed Bill (the victim) in the heart." Defendant, Ahern, Dildy and Caison were later detained by the police as they attempted to leave the scene in a car.

Dr. Charles L. Garrett, a pathologist for the State of North Carolina, testified the victim died due to a massive hemorrhage caused by a stab wound to the heart. There was testimony that

both the victim and defendant had knives on the night of 4 August. One knife was found at the crime scene, opened and bloodied. Another knife was found on the victim upon his arrival to the emergency room of New Hanover Memorial Hospital. This knife was closed and clean. The victim died at the hospital that night.

Defendant did not present any evidence. The jury returned a verdict of guilty of second-degree murder, and the trial court sentenced defendant to 35 years' imprisonment, a sentence in excess of the presumptive sentence. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Mabel Y. Bullock, for the State.*

*Yow, Culbreth & Fox, by Stephen E. Culbreth; and Nora Henry Hargrove; for defendant-appellant.*

WELLS, Judge.

Defendant brings forth nine assignments of error for our review. He does not address his first, second, third, fifth and seventh assignments of error in his brief, and they are therefore deemed abandoned. N.C.R. App. P., Rule 28. Defendant moved to have the record on appeal amended pursuant to N.C.R. App. P., Rule 9(b)(5) to include a tenth assignment of error. This motion was denied by a prior panel and we are bound by that decision not to consider this assignment of error. In his remaining assignments, defendant contends the trial court erred in not instructing the jury on self-defense, admitting unauthenticated documents as evidence during the sentencing phase of the trial, and finding an aggravating factor of prior convictions which was not supported by the evidence. We find no error.

[1] Defendant first assigns error to the trial court's failure to instruct the jury on the theory of self-defense. He contends the evidence offered at trial is sufficient to support an instruction on self-defense. To be entitled to an instruction on self-defense, defendant must present evidence tending to show: (1) he was free from fault in the matter, and (2) it was necessary, or reasonably appeared to be' necessary, to kill in order to protect himself from death or great bodily harm. *State v. Spaulding*, 298 N.C. 149, 257 S.E.2d 391 (1979). A person is entitled under the law of self-defense to harm another only if he is "without fault in provoking, or engaging in, or continuing a difficulty with another." *State v. Hunter*, 315

N.C. 371, 338 S.E.2d 99 (1986). The right of a person to kill another in self-defense arises when the killing is or reasonably appears to be necessary in order to save himself from death or great bodily harm. *State v. Deck*, 285 N.C. 209, 203 S.E.2d 830 (1984).

If, however, there is no evidence from which the jury reasonably could find that defendant in fact believed that it was necessary to kill his adversary to protect himself from death or great bodily harm, defendant is not entitled to have the jury instructed on self-defense. *State v. Bush*, 307 N.C. 152, 297 S.E.2d 563 (1982). It is for the court to determine in the first instance as a matter of law whether there is any evidence upon which defendant reasonably believed it to be necessary to kill his adversary in order to protect himself from death or great bodily harm. *State v. Johnson*, 166 N.C. 392, 81 S.E. 941 (1914). If there is no evidence upon which the defendant in fact could form such a reasonable belief, then there is no evidence of self-defense and the issue should not be submitted to or considered by the jury. *State v. Spaulding*, *supra*.

The evidence presented by defendant concerning the events of 4 August 1989 neither established he entered the fight without fault nor showed he reasonably believed it was necessary to kill the victim. Defendant voluntarily joined the original fight in the bar and continued the fight outside the bar. Mr. Grewal's testimony indicated defendant prevented the victim from reentering the bar during the fight and that defendant hit the victim with a barstool as he lay bleeding on the floor.

Defendant was heard by several witnesses to say he stabbed the victim in the heart. Defendant did not testify and presented absolutely no evidence, either circumstantial or direct, which would establish the necessity of his killing the victim. Rather, defendant relied on permissible inferences from testimony elicited on cross-examination of the State's witnesses. *State v. Spaulding*, *supra*, and its progeny of cases require a defendant to either present evidence showing he was free from fault in the matter or that it appeared necessary to use deadly force. The evidence in this case established that defendant, at some point, introduced a knife into the fight and stabbed the victim. We conclude that the trial court's decision not to give an instruction on self-defense was proper in light of the evidence presented at trial. We therefore overrule this assignment of error.

[2] The trial court sentenced defendant in excess of the presumptive sentence based upon a finding of an aggravating factor of prior convictions. Defendant assigns as error the trial court's allowing the introduction of an F.B.I. fingerprint record bearing the name of Roy Eugene Tedder during the sentencing phase of the trial. He contends this document introduced by the State was unauthenticated and unduly relied upon by the trial court to find an aggravating factor of prior convictions. Defendant further contends this record does not comply with the requirements of N.C. Gen. Stat. § 15A-1340.4(e) on proving a prior conviction. The State contends the F.B.I. fingerprint record was used solely for the purpose of establishing the identity of defendant with that of Roy Eugene Tedder. We agree.

The State introduced this document through the testimony of an expert witness concerning defendant's fingerprints. This witness testified that the fingerprints taken of defendant on the night of 4 August matched the fingerprints on the F.B.I. card. Further, the State presented evidence by a Wilmington police officer who was familiar with defendant's family. This witness testified she had spoken with defendant's parents and they informed her that defendant's true identity was Roy Eugene Tedder.

The trial court, having not relied on this document to support an aggravating factor, did not admit evidence which fails the criteria of N.C. Gen. Stat. § 15A-1340.4(e). Therefore, defendant's reliance on this argument is misplaced. Trial judges in North Carolina are allowed wide latitude in conducting sentencing hearings and are encouraged to seek all relevant information which may be of assistance in determining an appropriate sentence. *State v. Midyette*, 87 N.C. App. 199, 360 S.E.2d 507 (1987). The formal rules of evidence do not apply. N.C. Gen. Stat. § 15A-1334(b).

A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. *State v. Jackson*, 302 N.C. 101, 273 S.E.2d 666 (1981). The trial court's reliance on the F.B.I. fingerprint record to establish the identity of defendant was not prejudicial to him. This assignment of error is also overruled.

In defendant's final assignment of error he contends the trial court erred in finding an aggravating factor of prior convictions

which was not supported by the evidence. N.C. Gen. Stat. § 15A-1340.4(e) states:

> A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction. The original or certified copy of the court record, bearing the same name as that by which the defendant is charged, shall be prima facie evidence that the defendant named therein is the same as the defendant before the court and shall be prima facie evidence of the facts set out therein. . . .

The language of N.C. Gen. Stat. § 15A-1340.4(e) is permissive rather than mandatory respecting methods of proof. It provides that prior convictions "may" be proved by stipulation or by original certified copy of the court record, not that they must be. The statute does not preclude other methods of proof. *State v. Thompson*, 309 N.C. 421, 307 S.E.2d 156 (1983).

Having established the identity of defendant as Roy Eugene Tedder, the State introduced several certified court records from the State of Delaware bearing the name of Roy Eugene Tedder. These records showed convictions in excess of 60 days as required by N.C. Gen. Stat. § 15A-1340.4(a)(1)(o) to support the finding of this aggravating factor. This is a statutorily approved method of proving a prior conviction; therefore, defendant's final assignment of error is overruled.

For the reasons stated we find

No error.

Judges PARKER and WYNN concur.