STATE v. DUFFY

[109 N.C. App. 595 (1993)]

---

STATE OF NORTH CAROLINA v. KYLE WINSLOW DUFFY, DEFENDANT

No. 9226SC144

(Filed 6 April 1993)

Criminal Law § 1183 (NCI4th) — burglary — sentencing — aggravating factor — prior offense — motion in limine hearing — defendant's admission

The trial court did not err when sentencing defendant for burglary by finding the aggravating factor of a prior conviction where defendant had filed a motion *in limine* before trial to prohibit the State from offering evidence of other crimes, the motion included a statement that defendant had previously been convicted of a felony in California, the prosecutor advised

the court that he did not intend to offer evidence of that conviction during the State's evidence, the prosecutor offered the motion during the sentencing hearing, and the court considered the statement contained in the motion. The motion in limine sought only to prevent the State from presenting evidence of defendant's prior California conviction to the jury and the statement was at the very least an evidential admission. Although N.C.G.S. § 15A-1340.4(e) permits proof of a prior conviction by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction, the statute does not preclude other methods of proof and it has been held that a defendant's prior record may be proved by the statements of his counsel.

Appeal by defendant from judgment entered 26 September 1991 by Judge Hollis M. Owens, Jr., in Mecklenburg County Superior Court. Heard in the Court of Appeals 4 March 1993.

Defendant was charged in a bill of indictment with first degree burglary in violation of G.S. § 14-51. The indictment alleged that defendant broke and entered the victim's occupied dwelling with the intent to commit the felonies of sex offense, rape and larceny. The State proceeded to trial on the charge of attempted first degree burglary, a class H felony, and the jury found defendant guilty. He appeals from a judgment imposing an active ten year term of imprisonment.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General William F. Briley, for the State.*

*Murphy & Chapman, P.A., by Calvin E. Murphy, for defendant-appellant.*

MARTIN, Judge.

Defendant assigns error only with respect to the sentence imposed by the trial court. The dispositive issue on appeal is whether the trial court erred in its finding, as a factor in aggravation of punishment, that defendant had a prior conviction of a criminal offense punishable by more than sixty days confinement. Although defendant asserts that there was no competent evidence to support the finding, we discern no error in the judgment of the trial court.

Before defendant's trial began, his counsel filed a motion in limine to prohibit the State from offering, during the presentation of its case, evidence of other crimes committed by defendant. The motion included the following statement:

> 6. That on October 22, 1985, the defendant was convicted of Sexual Penetration with a Foreign Object With Force, a felony, in the State of California. The offense occurred after the defendant entered the victim's residence through an unlocked door. The defendant cooperated with police and made a full confession of his crime.

When the motion was considered by the trial court, the prosecutor advised the court that he did not intend to offer evidence of the California conviction during the presentation of the State's evidence, and the following exchange took place between the court and defendant's counsel:

> The Court: I suppose the motion is moot then?
>
> Mr. Murphy: If they don't intend to do it, that's correct.
>
> The Court: All right.
>
> Mr. Murphy: Well, of course, the motion is allowed to the extent that they have made that announcement.
>
> The Court: All right.

At defendant's sentencing hearing, the prosecutor offered defendant's motion in limine into evidence as proof of defendant's previous conviction. Over defendant's objection, the court considered the statement contained in the motion in limine and found as a factor in aggravation of punishment that defendant had been convicted of an offense punishable by more than 60 days confinement. Defendant argues that the finding was erroneous because (1) the trial court relied on an unverified statement of defendant's counsel, (2) the evidence upon which the trial court based its finding was the very evidence which it had excluded by allowing the motion in limine, and (3) the State did not prove the prior conviction in accordance with the provisions of G.S. § 15A-1340.4(e). We find no merit in any of these contentions.

The motion in limine sought only to prevent the State from presenting evidence of defendant's prior California conviction to the jury, on the grounds that its probative value would be substan-

tially outweighed by its potential for unfair prejudice or for misleading the jury. The court's ruling with respect to the motion did not preclude it from considering the conviction in determining an appropriate sentence after the jury had found the defendant guilty. Moreover, even though the trial court may have incorrectly referred to counsel's written statement as a stipulation, it was at the very least admissible against the defendant as an evidential admission. *See* 2 *H. Brandis, North Carolina Evidence* §§ 171 & 177 (1988). Finally, though G.S. § 15A-1340.4(e) permits proof of a prior conviction by "stipulation of the parties or by the original or a certified copy of the court record of the prior conviction," the statute does not preclude other methods of proof, *State v. Thompson,* 309 N.C. 421, 307 S.E.2d 156 (1983), and we have held that a defendant's prior record may be proved by the statements of his counsel. *State v. Brewer,* 89 N.C. App. 431, 366 S.E.2d 580 (1988); *State v. Cook,* 65 N.C. App. 703, 309 S.E.2d 737 (1983). In this case, we hold that the admission, contained in defendant's motion in limine, of his previous conviction in California, was sufficient evidence to support the trial court's finding of the aggravating factor.

No error.

Judges WELLS and ORR concur.