STATE OF NORTH CAROLINA v. ROBERT HAM JACKSON, Defendant

No. COA94-1014

(Filed 20 June 1995)

## 1. Assault and Battery § 81 (NCI4th)— discharging firearm into occupied property

Evidence was sufficient to be submitted to the jury in a prosecution for discharging a firearm into occupied property where it tended to show that a gun was fired at a car and that defendant did it; defendant had threatened to kill the victim six or seven times the same day; a black man was seen running from nearby bushes shortly before the shooting; shots were fired into the occupied vehicle; defendant was standing in nearby bushes immediately after the shooting; and defendant fled from his own home when the police tried to arrest him.

**Am Jur 2d, Assault and Battery § 53.**

## 2. Criminal Law § 1060 (NCI4th)— sentencing hearing—statement by person not a witness—error not prejudicial

Though the trial court erred in allowing defendant's wife's attorney, who was not called as a witness at the sentencing hearing, to address the court at the hearing, such error was not prejudicial to defendant, since defendant's record had already been detailed to the court by the prosecutor, and the attorney's comment that defendant "deserved a jail sentence" did not contribute to his sentence, given defendant's history of threats and violence toward his wife.

**Am Jur 2d, Criminal Law § 598.**

## 3. Criminal Law § 1182 (NCI4th)— prior conviction—admission by defense counsel—finding of aggravating factor proper

The trial court did not err in finding as an aggravating factor that defendant had a prior conviction or convictions for criminal offenses punishable by more than sixty days confinement where the prosecutor merely recited defendant's prior convictions at the sentencing hearing, but defense counsel's statements at a preliminary sentencing hearing with regard to prior offenses amounted to admissions of those convictions.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

4. **Criminal Law § 1053 (NCI4th)— sentencing—factors not announced in open court—failure to find mitigating factor—different judge at sentencing hearing—no error**

Defendant was not prejudiced by the trial court's failure to announce its findings in open court with regard to aggravating and mitigating factors; by the court's failure to find as a mitigating factor, based on defendant's psychiatric evaluation at Dorothea Dix Hospital, that he suffered from a mental condition which reduced his culpability; and by having a different judge at this sentencing hearing from the judge who presided over his trial.

**Am Jur 2d, Criminal Law §§ 525-530.**

**Substitution of judge in criminal case. 83 ALR2d 1032.**

**Accused's right to sentencing by same judge who accepted guilty plea entered pursuant to plea bargain. 3 ALR4th 1181.**

On writ of certiorari to review judgment and commitment entered 23 March 1993 by Judge Robert E. Gaines in Mecklenburg County Superior Court. Heard in the Court of Appeals 18 April 1995.

*Attorney General Michael F. Easley, by Associate Attorney General Jill A. Bryan, for the State.*

*John L. Wolfe for defendant-petitioner.*

LEWIS, Judge.

Defendant was convicted of discharging a firearm into occupied property and was sentenced to ten years imprisonment. The State's evidence tended to show that on the evening of 28 December 1991, defendant's wife, Clara Jackson, and her friend, Kim Morris, left the home of another friend to go to Jackson's apartment so that Jackson could change clothes. While they were in Jackson's apartment, defendant telephoned Jackson twice, both times threatening to kill her. Defendant had called Jackson four or five times earlier in the day threatening to kill her. About forty minutes after the second call that evening, Jackson and Morris left the apartment and got in Jackson's car.

As they approached the exit to the parking lot, Morris, who was sitting in the front passenger's seat, saw a black man run out of the bushes and stop at a sidewalk across the street from the car. Morris had never seen defendant before that day and did not testify that the man she saw running was, or was not, defendant. Jackson looked to the left to see if the traffic was clear. At that moment, she heard a loud "boom boom" sound. Jackson looked to the right and saw the passenger windows shattering. She then noticed defendant, a black man, standing in the bushes about ten to twelve feet away on Morris' side of the car. Jackson could see defendant from a little above his waist to the top of his head. Jackson then sped away, believing that defendant was coming after them. As a result of the shooting, Morris' face was cut by broken glass from the windows.

Jackson drove to a friend's house, and the friend called the police. The police recovered one bullet slug from Jackson's car and another from the collar of the jacket Morris was wearing at the time of the shooting. The police then obtained a warrant for defendant's arrest and went to defendant's house. They knocked and announced their presence but defendant did not respond. They then had their dispatcher call defendant's home. Defendant did not answer. The officers then removed their marked cars from sight and staked out the house. About five minutes later, defendant came outside and hid in his backyard. When he saw the police, he ran. After a chase, defendant was apprehended and arrested.

Defendant presented no evidence.

[1] Defendant's first contention is that there was insufficient evidence to convict him and that the trial court therefore erred in not granting his motion to dismiss. In a motion to dismiss, the question is whether the evidence is legally sufficient to support a verdict of guilty on the offense charged, so as to warrant submission of the charge to the jury. *State v. Thomas*, 65 N.C. App. 539, 541, 309 S.E.2d 564, 566 (1983). We must view the evidence in the light most favorable to the State and afford the State every reasonable inference that may arise from the evidence. *Id.* at 542, 309 S.E.2d at 566. There must be substantial evidence to support a finding that an offense has been committed and that the defendant committed it. *State v. Cummings*, 46 N.C. App. 680, 683, 265 S.E.2d 923, 925, *aff'd*, 301 N.C. 374, 271 S.E.2d 277 (1980). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

Defendant contends that the facts of this case raise only conjecture and suspicion. We disagree. The evidence is substantial that a gun was fired at a car and that defendant did it. Defendant had threatened to kill Jackson six or seven times that same day, a black man was seen running from nearby bushes shortly before the shooting, shots were fired into the occupied vehicle, defendant was standing in nearby bushes immediately after the shooting, and he fled from his own home when the police tried to arrest him. A reasonable mind could accept this evidence as adequate to support the conclusion that defendant discharged a firearm into occupied property. Accordingly, the trial court properly denied defendant's motion to dismiss.

[2] Defendant's remaining arguments concern his sentencing hearing. First, defendant contends that the trial court erred in allowing Mrs. Jackson's attorney to address the court during the sentencing hearing. Defendant did not object at the hearing, and he therefore argues that the alleged error amounted to plain error. Plain error has been described as error sufficiently fundamental and prejudicial to amount to a miscarriage of justice or the denial of a fair trial. *See State v. Harris*, 315 N.C. 556, 564, 340 S.E.2d 383, 388 (1986). Alternatively, defendant requests that we review the alleged error under Rule 2 of the Rules of Appellate Procedure to prevent manifest injustice.

N.C.G.S. § 15A-1334(b) (1988) sets forth the procedure to be followed at the sentencing hearing:

The defendant at the hearing may make a statement in his own behalf. The defendant and prosecutor may present witnesses and arguments on facts relevant to the sentencing decision and may cross-examine the other party's witnesses. No person other than the defendant, his counsel, the prosecutor, and one making a presentence report may comment to the court on sentencing unless called as a witness by the defendant, the prosecutor, or the court. Formal rules of evidence do not apply at the hearing.

We agree that it was error to allow Mrs. Jackson's attorney, who was not called as a witness at the hearing, to address the court. However, a judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to the defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. *State v. Stone*, 104 N.C. App. 448, 453, 409 S.E.2d 719, 722 (1991), *disc. review denied*, 330 N.C. 617, 412 S.E.2d 94

(1992). Here, defendant argues that he was prejudiced by the attorney's summary of defendant's criminal record and the attorney's statement that he thought defendant deserved a jail sentence. We find no prejudice, however. First, defendant's record had already been detailed to the court by the prosecutor. Second, in light of defendant's history of threats and violence toward his wife and the serious nature of the current charge, we do not believe the attorney's comment that defendant "deserve[d] a jail sentence" contributed to defendant's receiving the sentence he did. In sum, the court's error did not amount to plain error and did not result in manifest injustice.

[3] Defendant's next contention is that the court erred in finding as an aggravating factor that defendant had a prior conviction or convictions for criminal offenses punishable by more than sixty days' confinement. See N.C.G.S. § 15A-1340.4(a)(1)(o) (1988). Defendant argues that the prosecutor's mere recitation of defendant's prior convictions at the sentencing hearing was insufficient to prove the prior convictions. Defendant is correct that the trial court may not, absent a stipulation of the parties, find as an aggravating factor a defendant's prior conviction where the only evidence to support it is the prosecutor's mere assertion that the factor exists. See State v. Cunningham, 108 N.C. App. 185, 197, 423 S.E.2d 802, 809 (1992). However, in some cases a defense counsel's response to the prosecutor's assertion of prior convictions may be held to constitute a stipulation or an admission that the defendant indeed has the convictions represented by the State. Id. at 197, 423 S.E.2d at 810; see, e.g., Cunningham, 108 N.C. App. at 198, 423 S.E.2d at 810 (when prosecutor stated at sentencing hearing that defendant had prior convictions of loitering and resisting a public officer, defense counsel's statement that the defense would object to the loitering as not carrying a sixty-day sentence amounted to an admission or stipulation that defendant had the prior convictions asserted by the prosecutor); State v. Brewer, 89 N.C. App. 431, 436, 366 S.E.2d 580, 583 (when prosecutor stated that defendant had 1974 and 1977 convictions, defense counsel's response that defendant's record indicated no convictions for almost ten years constituted an admission that defendant did have the two older convictions), cert. denied, 322 N.C. 482, 370 S.E.2d 229 (1988). Further, in State v. Duffy, 109 N.C. App. 595, 428 S.E.2d 695 (1993), the prosecutor sought to prove a prior conviction at the sentencing hearing by introducing a motion in limine which had been filed by the defense. In the motion, the defense had sought to prevent the State from introducing evidence during the trial regarding a cer-

tain prior conviction on the ground that the probative value was substantially outweighed by the possibility of unfair prejudice or of misleading the jury. This Court held that the motion's language regarding the conviction amounted to an admission by the defendant which was sufficient to prove the prior conviction. *Id.* at 598, 428 S.E.2d at 697.

In the present case, the State sought a pretrial ruling that it could introduce evidence concerning prior threats defendant had made to Jackson. Defense counsel objected on the ground that the probative value was outweighed by the possibility of unfair prejudice. He stated, "These allegations, or these other threats, that the State seeks to introduce as far as the prior convictions happened in June of '92, one in May of 1990, one in August of '91, and in October of '91." Counsel further stated that the May 1990 charge was for assault on a female, but that the other three were for communicating threats. At a preliminary sentencing hearing before Judge Julia Jones, after the prosecutor introduced records showing multiple prior convictions, Judge Jones asked defense counsel if he agreed that the prior convictions shown by the prosecutor would be aggravating factors. Defense counsel responded, "I would object to any charges subsequent to this act [discharging a firearm into occupied property] being considered as aggravating factors. There was one that the State related to you that occurred after December of 1991 and so we would object to that one being used. I think there were three prior to that." These statements by defense counsel amounted to admissions of prior convictions. We do not believe it is significant that the admissions were not made in response to the prosecutor's recitation of defendant's prior convictions at the final sentencing hearing, as were the admissions in *Cunningham* and *Brewer. Cf. State v. Wooten* 104 N.C. App. 125, 131, 408 S.E.2d 202, 206 (1991) (holding defendant's admission of prior conviction *on cross-exam* to be sufficient proof of prior conviction). Accordingly, the trial court properly found as an aggravating factor that defendant had a prior conviction or convictions punishable by more than sixty days' confinement.

[4] Defendant next contends that the trial court erred in not making its findings as to aggravating and mitigating factors in open court. Defendant failed to object to this alleged error, and therefore seeks review under the plain error standard or under Rule 2.

N.C.G.S. § 15A-1340.4(b) provides in pertinent part: "If the judge imposes a prison term for a felony that differs from the presumptive term . . ., the judge must specifically list in the record each matter in

STATE v. JACKSON

[119 N.C. App. 285 (1995)]

aggravation or mitigation that he finds proved by a preponderance of the evidence." Our cases have read this requirement to mean that the judge must make *written* findings. *See, e.g., State v. Green*, 101 N.C. App. 317, 322, 399 S.E.2d 376, 379 ("If the trial court imposes a sentence greater than the presumptive term for any conviction, it must consider each of the aggravating and mitigating factors under the Fair Sentencing Act for each of defendant's convictions, and make written findings of fact concerning the factors and whether one set of factors outweighs the other"), *supersedeas and temporary stay denied*, 328 N.C. 335, 400 S.E.2d 449 (1991). Defendant cites no case for his proposition that the trial court must also verbally announce its findings in open court, chambers, or any other place, and we have found none. At the hearing, the prosecutor summarized the case for the court and listed defendant's prior convictions. Defense counsel then made his argument and in no way attempted to counter the validity or applicability of the prior convictions. The trial court found only one aggravating factor, that being prior convictions. We fail to see how defendant was prejudiced by the trial court's failure to announce its findings in open court. Accordingly, we find no plain error or manifest injustice here, and we decline to judicially mandate a proclamation rule.

Defendant's next contention is that the trial court erred in not finding the statutory mitigating factor that "[t]he defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense." *See* N.C.G.S. § 15A-1340.4(a)(2)(d).

Where the evidence in support of a mitigating factor is substantial, uncontradicted, and inherently credible, it is error for the trial court to fail to find that mitigating factor. *State v. Grier*, 70 N.C. App. 40, 48, 318 S.E.2d 889, 894-95 (1984), *cert. denied*, 318 N.C. 698, 350 S.E.2d 860 (1986). The defendant has the burden of establishing a mitigating factor by a preponderance of the evidence. *Id.* at 48, 318 S.E.2d at 895. He must convince the trial court that not only is the evidence uncontradicted, but also that no reasonable inference to the contrary can be drawn, and that the credibility of the evidence is manifest as a matter of law. *Id.*

In this case, the trial court had before it defendant's psychiatric evaluation from Dorothea Dix Hospital. While a mental condition may be capable of reducing a defendant's culpability for an offense, evidence that the condition exists, without more, does not mandate consideration as a mitigating factor. *State v. Salters*, 65 N.C. App. 31, 36,

308 S.E.2d 512, 516 (1983), *disc. review denied*, 310 N.C. 479, 312 S.E.2d 889 (1984). The burden of proving that the condition reduced his culpability is on the defendant. *State v. Barranco*, 73 N.C. App. 502, 511, 326 S.E.2d 903, 910, *cert. denied and appeal dismissed*, 314 N.C. 118, 332 S.E.2d 484 (1985). Here, defendant did not allege or prove that any condition from which he suffers actually reduced his culpability, and such a conclusion is not manifest from his psychiatric records. Accordingly, the trial court correctly found no mitigating factor in defendant's mental condition.

Defendant's final contention is that Judge Jones, who presided over the trial, should have presided over the sentencing hearing. After receiving the jury verdict, Judge Jones held a sentencing hearing and preliminarily entered a sentence, but, according to defendant, "withdrew" the sentence. She then ordered the psychiatric evaluation at Dorothea Dix. Judge Jones also ordered that defendant be brought back before her for sentencing. Defendant contends it was error for Judge Gaines to preside over the subsequent sentencing hearing and to sentence defendant. Defendant made neither motion to continue nor objection at the sentencing hearing before Judge Gaines and therefore argues plain error. Alternatively, he seeks review under Rule 2 to prevent manifest injustice.

N.C.G.S. § 1334(c) provides that a judge who orders a presentence report may direct that the sentencing hearing be held before her in another county, district, or set of districts. Judge Jones's order stated that defendant "be brought back before the Honorable Julia V. Jones." The record does not reveal whether Judge Jones was in Mecklenburg County at the time of the sentencing hearing, which was four months after the trial. In any event, even if it was error for Judge Gaines to sentence defendant under these circumstances, we do not believe that the error was so fundamental and prejudicial as to amount to a miscarriage of justice. Thus, we find no plain error and no manifest injustice.

For the reasons stated, defendant received a fair trial free from prejudicial error.

No error.

Judges GREENE and MARTIN, Mark D. concur.