STATE OF NORTH CAROLINA v. JAMES ALLEN MEAD

No. COA06-1116

(Filed 3 July 2007)

**1. Sentencing— modification—clerk's comment on omission-correction in session, after defendant recalled to courtroom**

The trial court did not err by changing defendant's sentences from concurrent to consecutive where the judge did not mention the issue when imposing the sentence, the clerk pointed this out after defendant had left the courtroom, and the judge recalled the defendant and announced the change.

## 2. Appeal and Error— plain error analysis—not applicable to hearing concerning juror

Plain error review did not apply to a hearing with a juror conducted outside defendant's presence. Plain error analysis applies only to instructions to the jury and to evidentiary matters.

Judge TYSON concurring in part and dissenting in part.

Appeal by defendant from judgments entered 8 March 2006 by Judge James L. Baker, Jr., in Superior Court, Avery County. Heard in the Court of Appeals 8 May 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Philip A. Lehman, for the State.*

*Cheshire, Parker, Schneider, Bryan & Vitale, by John Keating Wiles, for defendant-appellant.*

WYNN, Judge.

To disturb a sentence imposed by a trial court, a defendant must show an "abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play."[1] Here, Defendant contends the trial court's decision to make his sentences consecutive was based upon the improper comments of the clerk of court. Because the clerk of court merely gave the trial court notice as to an omission in the details of the sentence imposed, we find no prejudicial error.

On 8 March 2006, Defendant James Allen Mead was found guilty and convicted of second-degree rape and second-degree sexual offense. Because Defendant has not challenged the evidence nor sequence of events presented by the State at his trial, we do not recount those facts here, as they are irrelevant to the questions before us.

At the conclusion of all evidence at Defendant's trial, and after the trial court had conducted the jury charge conference, the trial court informed the parties that a juror had "indicate[d] that she feels like that [sic] she had been approached in the case in some inappropriate manner that she believes she needs to bring to [the trial court's] attention." The trial court then offered the parties three possible ways

---

1. *State v. Pope*, 257 N.C. 326, 335, 126 S.E.2d 126, 133 (1962).

of handling the situation: (1) have the bailiff speak to the juror and report back to the trial court; (2) bring the juror into open court, separate from the other jurors, to speak to the trial court; or (3) bring the juror into chambers with defense counsel, the prosecutor, and a court reporter, and discuss the situation there. The defense counsel and the prosecutor agreed to proceed with the third option.

Thereafter, the judge conducted an inquiry of the juror on the record, with defense counsel and the prosecutor present, but Defendant was not in chambers. The juror reported that she had been approached in her driveway that morning by a bail bondsman, who had said he knew the case that she was hearing and that she "need[ed] to help [him]." She stated that her only response to the man had been that she could not discuss the case. When asked by the trial court, the juror maintained that the conversation would not affect her ability to be fair or to weigh the evidence in the case; she also averred that she was not worried that the outcome of the case might affect her relationship with the bail bondsman, who was a friend of her family.

After returning to open court, the trial court summarized the issue and asked the prosecutor and defense counsel for their thoughts; both asked that she be excused and an alternate seated. The trial court then made a number of findings of fact for the record and concluded by excusing the juror.

Following the jury's return of verdicts of guilty on the charges of second-degree rape and second-degree sexual offense, the trial court proceeded with sentencing Defendant. After hearing from the prosecutor and defense counsel as to Defendant's prior record and mitigating factors, the trial court stated that he planned to "sentence [Defendant] from the presumptive range[]" and noted the "serious charges" against Defendant, as well as that "[t]he evidence was quite strong" and "it didn't take very long for a jury to return a verdict of guilty." He then informed Defendant that he was "going to impose a significant sentence against [Defendant], which is what the law calls for."

After restating the technical details related to Defendant's conviction for second-degree rape, the trial court sentenced him to a minimum term of one hundred months and a maximum term of one hundred twenty-nine months in prison, with credit for time served. The trial court then recounted the relevant details for the second-degree sexual offense conviction and likewise sentenced Defendant

STATE v. MEAD

[184 N.C. App. 306 (2007)]

to a minimum term of one hundred months and a maximum term of one hundred twenty-nine months in prison, with credit for time served. He made no mention at that time of whether the two sentences were to run concurrently or consecutively. The trial court concluded by saying, "The Defendant will be in custody and that will complete the matter unless there are questions." Defendant then left the courtroom.

However, following Defendant's departure from the courtroom, the trial court addressed the clerk and defense counsel, stating:

> . . . that was a consecutive sentence. I want to make sure that was on the record with the defendant present. The clerk advised me that I did not say that was consecutive, and that was my intention. I need him in the courtroom when I say that to clarify that when you can get him.

The court then proceeded with other matters for an unspecified length of time, before Defendant was brought back into the courtroom from the hallway. At that point, the trial court reiterated:

> The record will reflect that the defendant has been brought back into the courtroom. He is in the courtroom with his defense counsel. The Court just wanted the record to reflect that the Court did impose two 100 to 129 month sentences to the defendant for the two charges from which the verdicts were returned as guilty.
>
> It was the Court's intention that the sentences were to be served as consecutive sentences and not concurrent sentences. I did not state that and I was advised by the clerk. I have brought the defendant back in so that could be stated publicly in the Defendant's presence.
>
> Two sentences 100 months minimum, 129 months maximum, those are to be served consecutively. That will complete sentence. The defendant is [to] be returned to custody. Thank you.

Defendant now appeals.

## I.

[1] The primary issue on appeal is whether the trial court erred by changing Defendant's sentences from running concurrently to consecutively, after a comment by the clerk. We find no prejudicial error.

Trial courts have "considerable leeway and discretion in governing the conduct of a sentencing proceeding[.]" *State v. Smith,* 352 N.C. 531, 557, 532 S.E.2d 773, 790 (2000), *cert. denied,* 532 U.S. 949, 149 L. Ed. 2d 360 (2001). Indeed, "[a] judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *State v. Pope,* 257 N.C. 326, 335, 126 S.E.2d 126, 133 (1962). Generally, "[a] defendant is prejudiced . . . when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached[.]" N.C. Gen. Stat. § 15A-1443(a) (2005).

Defendant contends that the trial court violated North Carolina General Statute § 15-1334(b), which reads in pertinent part: "No person other than the defendant, his counsel, the prosecutor, and one making a presentence report may comment to the court on sentencing unless called as a witness by the defendant, the prosecutor, or the court." N.C. Gen. Stat. § 15-1334(b) (2005). Defendant asserts that the clerk's question to the trial court, drawing his attention to the fact that he had failed to specify if the sentences imposed were to run consecutively or concurrently, would be an impermissible "comment" under the language of this statute because the clerk was not called as a witness. According to Defendant, this alleged violation of North Carolina General Statute § 15-1334(b) would constitute an abuse of discretion, which prejudiced him by leading to a sentence double that which was initially imposed. *See* N.C. Gen. Stat. § 15-1354(a) (2005) ("If not specified or not required by statute to run consecutively, sentences shall run concurrently.").

Even assuming *arguendo* that allowing the clerk's question as to whether the sentences were to run concurrently or consecutively was error, we conclude that such error would not be prejudicial. According to the record, at the outset of the sentencing hearing, the trial court emphasized the "serious charges" against Defendant and informed him that he planned to "impose a significant sentence." Those statements support the trial court's later assertions that it was his "intention" to impose consecutive, not concurrent, sentences.

Moreover, "during a session of the court a judgment is *in fieri* and the court has authority in its sound discretion, prior to expiration of the session, to modify, amend or set aside the judgment." *State v. Edmonds,* 19 N.C. App. 105, 106, 198 S.E.2d 27, 27 (1973); *see also*

*State v. Dorton*, —— N.C. App. ——, ——, 641 S.E.2d 357, 362 (2007) (finding no error when trial court modified its original sentence two days later, in order to correct the defendant's prior record level and accordingly sentence him to a longer term of imprisonment); *State v. Quick*, 106 N.C. App. 548, 561, 418 S.E.2d 291, 299 ("Until the expiration of the term, the orders and judgment of a court are *in fieri*, and the judge has the discretion to make modifications in them as he may deem to be appropriate for the administration of justice."), *disc. review denied*, 332 N.C. 670, 424 S.E.2d 415 (1992).

Here, the clerk of court prompted the trial judge's awareness of his omission. As a result, the trial judge immediately called Defendant back into the courtroom to correct the mistake and impose the sentence he intended from the outset. The record shows that the clerk of court did not change the trial judge's mind. Indeed, following the clerk's question, the trial court merely effectuated his original intention to impose consecutive sentences. As such, Defendant can show no prejudice from the clerk's "comment."[2] *See also State v. Jackson*, 119 N.C. App. 285, 288-89, 458 S.E.2d 235, 238 (1995) (finding no plain error where a victim's attorney addressed the court at sentencing without being called as a witness, because statement that the defendant deserved a jail sentence did not contribute to the defendant receiving the sentence he did, in light of his past history and serious nature of charges).

We conclude that Defendant has failed to show an "abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *Pope*, 257 N.C. at 335, 126 S.E.2d at 133. Accordingly, we leave the trial court's imposition of consecutive sentences undisturbed.

## II.

[2] Finally, we note that Defendant attempts to argue that the trial court committed plain error by conducting the hearing of a juror outside of Defendant's presence. We, however, do not reach this

---

2. We note, too, that the record reflects that the trial court was merely "advised" by the clerk that he had omitted to specify the nature of the sentences imposed; there is no suggestion that the clerk made a substantive "comment" on the sentence, such as whether its duration was inadequate or overly harsh, or any other subjective opinion. Any advice offered by the clerk was related to clarifying the trial court's intentions, not to influencing the sentence he imposed. This type of minor clerical question hardly seems to fall within the General Assembly's intended scope of the language of N.C. Gen. Stat. § 15A-1334(b).

argument because this issue is not reviewable under the plain error standard. Under well-established North Carolina law, "plain error analysis applies only to instructions to the jury and evidentiary matters." *State v. Cummings*, 352 N.C. 600, 613, 536 S.E.2d 36, 47 (2000) (citations and quotation omitted), *cert. denied*, 532 U.S. 997, 149 L. Ed. 2d 641 (2001); *see also State v. Atkins*, 349 N.C. 62, 81, 505 S.E.2d 97, 109-10 (1998) (refusing to apply the plain error doctrine to a trial court's failure to give an instruction during jury *voir dire* that was not requested), *cert. denied*, 526 U.S. 1147, 143 L. Ed. 2d 1036 (1999).

Here, Defendant seeks plain error review because he did not object at trial to the hearing with the juror being conducted outside his presence. However, the hearing was not evidentiary in nature, nor was it related to jury instructions. As such, the plain error doctrine does not apply to this assignment of error, which is accordingly dismissed.

No prejudicial error in part; dismissed in part.

Judge TYSON concurs in part and dissents in part by separate opinion.

Judge CALABRIA concurs.

TYSON, Judge, concurring in part, dissenting in part.

I concur with the majority's conclusion not to review defendant's plain error assignment. I disagree with the majority's holding that the trial court did not commit prejudicial error in doubling the length of defendant's imprisonment by changing defendant's sentences from concurrent to consecutive terms. I vote to vacate defendant's sentence and remand for resentencing. I respectfully dissent.

I. Background

On 7 March 2005, defendant was indicted on one count of second degree rape and two counts of second degree sexual offense. The charges were tried before a jury between the 6th and 8th of March 2006.

On 8 March 2006, the jury found defendant to be guilty of one count of second degree rape and one count of second degree sexual offense (digital penetration into the victim's genital opening). The

jury returned a verdict of not guilty of a second count of second degree sexual offense by digital penetration. The trial court proceeded to the sentencing hearing.

In order to understand the full circumstances of defendant's sentencing not set out in the majority's opinion, the transcript shows the following exchange:

The Court: . . . . I am going to impose the sentence as follows:

Madam Clerk there will be two sentences. The first will be in the file of 04-CRS-50891. This is in the charge of Second Degree Rape.

. . . .

The Defendant is to serve a minimum term of 100 months and maximum term of 129 months in custody of the North Carolina Department of Correction. He is to be given credit for his time spent in confinement.

. . . .

The second judgment, Madam Clerk, will be in the second case in which the Jury has returned a verdict of guilty. This is 05-CRS-324, the charge of Second Degree Sex Offense, digital penetration into the victim's genital opening.

. . . .

The Defendant is to serve a minimum term of 100 months and a maximum term of 129 months in the custody of the North Carolina Department of Correction. No credit is given for time spent in confinement all of the prior credit having been awarded in the first case.

. . . .

The Defendant *will be in custody and that will complete the matter unless there are questions.*

[The District Attorney]: No, Your Honor.

(Defendant left the courtroom).

The Court: Madam Clerk, [defense counsel] that was (sic) consecutive sentence. I want to make sure that was on the record with the defendant present. *The clerk advised me that I did not say that was consecutive,* and that was my intention. I need him in the courtroom when I say that to clarify that when you can

get him. Will it take a few minutes for the Defendant to be brought back?

(Court proceeded with other matters)

[The District Attorney]: Your Honor, [defendant] I understand is out in the hallway.

(Defendant brought back into the courtroom)

The Court: That is fine. [Defense counsel], if you will go over to this side of the courtroom, it is not necessary that he be brought back around into the area where he was standing as long as he is present in the courtroom. I did want to make sure there was no misunderstanding.

The record will reflect that the defendant has been brought back into the courtroom. He is in the courtroom with his defense counsel. The Court just wanted the record to reflect that the Court did impose two 100 to 129 month sentences to the defendant for the two charges from which the verdicts were returned as guilty.

It was the Court's intention that the sentences were to be served as consecutive sentences and not concurrent sentences. *I did not state that and I was advised by the clerk.* I have brought the defendant back in so that could be stated publicly in the Defendant's presence.

Two sentences 100 months minimum, 129 months maximum, those are to be served consecutively. That will complete the sentence. The defendant is to be returned to custody. Thank you.

(Emphasis supplied).

The trial court entered judgments accordingly and sentenced defendant to two consecutive sentences between 100 minimum to 129 maximum months with credit given for time served on the first judgment.

## II. Sentencing

Defendant argues the trial court erred by increasing his sentence from concurrent to consecutive terms after the clerk of court's prompting and advice. Defendant alleges the trial court permitted the clerk of court to comment on his sentence when the clerk had not been called as a witness and this procedure violated N.C. Gen. Stat. § 15A-1334(b). I agree.

STATE v. MEAD

[184 N.C. App. 306 (2007)]

The trial court "has considerable leeway and discretion in governing the conduct of a sentencing proceeding[.]" *State v. Smith*, 352 N.C. 531, 557, 532 S.E.2d 773, 790 (2000), *cert. denied*, 532 U.S. 949, 149 L. Ed. 2d 360 (2001). "A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *State v. Pope*, 257 N.C. 326, 335, 126 S.E.2d 126, 133 (1962).

Defendant argues the trial court's ruling and sentence violated N.C. Gen. Stat. § 15A-1334(b). This statute states in part, "No person other than the defendant, his counsel, the prosecutor, and one making a presentence report may comment to the court on sentencing unless called as a witness by the defendant, the prosecutor, or the court." N.C. Gen. Stat. § 15A-1334(b). Defendant contends the statute was violated when the clerk commented to the trial court on his sentence and the trial court's alteration of his sentence was prejudicial to him because it "cost the Defendant 100 to 129 months of liberty."

Here, the trial court did not specify, during sentencing, whether defendant's sentences were to run consecutively or concurrently. After the sentence was pronounced and defendant was taken into custody, that "complete[d] the matter," and "defendant left the courtroom."

"Unless otherwise specified by the court, all sentences of imprisonment run concurrently with any other sentences of imprisonment." N.C. Gen. Stat. § 15A-1340.15(a) (2005); *see* N.C. Gen. Stat. § 15A-1354(a) (2005) ("If not specified or not required by statute to run consecutively, sentences shall run concurrently."). The sentencing proceeding ended at this point. Defendant's sentences were concurrent by operation of law. Defendant was taken into custody, removed from the courtroom, and the trial court proceeded to other business.

The trial court then stated, "Madam Clerk, [defense counsel] that was (sic) consecutive sentence. I want to make sure that was on the record with the defendant present. *The clerk advised me that I did not say that was consecutive*, and that was my intention." (Emphasis supplied). The trial court ordered defendant to be returned to the courtroom.

After defendant was returned to the courtroom, the trial court stated, "It was the Court's intention that the sentences were to be

served as consecutive sentences and not concurrent sentences. *I did not state that and I was advised by the clerk.*" (Emphasis supplied). This revelation by the trial court was a recognition of judicial error, not a clerical error. *State v. Jarman*, 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000) (reiterating that a clerical error is an error resulting from a minor mistake or inadvertance). While our courts have held that a trial court may amend the record to correct clerical mistakes, it cannot amend the record to correct a judicial error. *State v. Taylor*, 156 N.C. App. 172, 176, 576 S.E.2d 114, 117 (2003).

The transcript plainly shows in multiple places the clerk of court "advised" the trial court on sentencing without being called "as a witness by the defendant, the prosecutor, or the court." N.C. Gen. Stat. § 15A-1334(b). As a result, defendant was re-sentenced from concurrent to consecutive terms, in effect doubling his sentence. The clerk of court clearly "comment[ed] to the court on sentencing" in violation of N.C. Gen. Stat. § 15A-1334(b). By later imposing a consecutive sentence after comment from a non-witness, rather than the concurrent sentence originally imposed, defendant's incarceration was increased by 100 minimum to 129 maximum months. This was "procedural conduct prejudicial to defendant" and requires his sentence to be vacated. *Pope*, 257 N.C. at 335, 126 S.E.2d at 133.

The trial court initially failed to specify that the sentence entered in this case was consecutive, by law, the sentence was concurrent. N.C. Gen. Stat. § 15A-1340.15(a); N.C. Gen. Stat. § 15A-1354(a). Having announced the decision in open court and placing defendant into custody, the trial court "complete[d] the matter," and it could not reopen the matter and double defendant's sentence. *See Berman v. United States*, 302 U.S. 211, 212, 82 L. Ed. 204, 204 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment.").

## III. Conclusion

After defendant's sentencing was completed, he was remanded into custody, and removed from the courtroom. Contrary to the majority's holding, the trial court committed prejudicial error by changing defendant's sentence from concurrent to consecutive terms after the trial court stated on numerous occasions it was "advised" by the clerk of court who was not called "as a witness by the defendant, the prosecutor, or the court." N.C. Gen. Stat.§ 15A-1334(b) ("No person other than the defendant, his counsel, the prosecutor, and one making a presentence report may comment to the court on

sentencing unless called as a witness by the defendant, the prosecutor, or the court.").

I vote to vacate defendant's sentence and remand to the trial court with instructions to enter judgment ordering his sentences to run concurrently with credit for time served prior to sentencing, as originally ordered. I respectfully dissent.